UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BRENDA WILEY,**<br>     Plaintiff,<br><br>v.<br><br>**STATE FARM FIRE AND**<br>**CASUALTY CO.,**<br>     Defendant. | Case No. 4:20-cv-1533-CLM |

## MEMORANDUM OPINION

Brenda Wiley argued with Valisha Dabbs at a party. Wiley left the party, then returned in her daughter's car and ran over Dabbs. Wiley later pleaded guilty to first-degree assault, and Dabbs sued Wiley in state court for negligence and wantonness. After Wiley failed to appear at trial, the state court entered a judgment against Wiley for $2.5 million.

Wiley was covered by her daughter's State Farm Insurance policy as a resident relative. That policy requires the insured to give State Farm notice of an accident, and if a claim is made or lawsuit filed against the insured, the policy requires the insured to immediately send State Farm the documents from the claim or lawsuit. Wiley's daughter notified State Farm of the damage to her car, and Dabbs sent State Farm pre-suit and post-suit notice, including a copy of the complaint she filed against Wiley. But Wiley never contacted State Farm. That is, until she filed this lawsuit.

Wiley sues State Farm for breach of policy and bad faith. State Farm has moved for summary judgment on both counts. (Doc. 60). For the reasons stated below, the court will **GRANT** State Farm's motion for summary judgment on both counts.

The court will also **DENY** as **MOOT** all other pending motions.

1

# BACKGROUND

1. <u>The Incident</u>: In June 2016, Brenda Wiley went to a house party in Guntersville, Alabama where she argued with Valisha Dabbs. Wiley left the party and went back to her daughter's house where she was living at the time. But her night was not over. Wiley drove her daughter's car back to the party, where she saw Dabbs—who Wiley thought was carrying a wrench. So Wiley ran Dabbs over with the car and left the scene.

Wiley was indicted for first-degree assault. She pleaded guilty.

Dabbs sued Wiley in state court, alleging negligence and wantonness. When Wiley failed to appear at trial, the Circuit Court of Marshall County entered a judgment against Wiley for $2.5 million.

2. <u>The Policy</u>: Wiley's daughter insured the car through State Farm, and Wiley was covered under the policy as a resident relative. The policy requires the insured to "give us or one of our agents notice of the accident or the loss as soon as reasonably possible." And under the policy, "[i]f a claim is made against an insured, then that insured must immediately send us every demand, notice, and claim received," and "[i]f a lawsuit is filed against an insured, then that insured must immediately send us every summons and legal process received." There is no right of action against State Farm until all the terms of the policy are met.

After the incident, Wiley's daughter contacted State Farm to notify them of the property damage to her car. And Dabbs notified State farm before and after suing Wiley, including forwarding State Farm the complaint she filed against Wiley. Dabbs even requested State Farm cover Wiley, which State Farm denied after it determined Wiley acted intentionally in running over Dabbs.

But Wiley said nothing. According to her own testimony, Wiley never tried to contact anyone at State Farm about the incident—not a phone call, not an email. (Doc. 61-1, p. 58).

Instead, Wiley sued State Farm in this court for breach of contract and bad faith. Wiley alleged State Farm breached its contract by refusing to provide either a defense or indemnity under its policy. She also alleged that State Farm lacked a debatable reason for denying coverage, and that State Farm did not conduct an appropriate investigation into the incident before denying coverage.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

**Count I: Breach of Contract**

Wiley claims that because she was insured under her daughter's insurance policy and because all conditions precedent for State Farm's performance under the contract were met, that State Farm breached its contract when it refused to defend or indemnify her in the Dabbs lawsuit. Doc. 1, ¶¶ 19–21.

State Farm argues that summary judgment is due for two reasons: (1) Wiley did not satisfy all conditions precedent under the contract because she failed to notify State Farm of the incident and lawsuit, and (2) Wiley acted intentionally in running over Dabbs, and thus the policy does not require State farm to defend or indemnify Wiley. Because the first argument (lack of notice) warrants summary judgment, the court needn't consider whether the evidence supports a finding that Wiley acted intentionally.

### A. Applicable Law

In Alabama, "the failure of an insured to comply within a reasonable time with . . . conditions precedent in an insurance policy requiring the insured to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract." *Reeves v. State Farm Fire and Cas. Co.*, 539 So. 2d 252, 254 (Ala. 1989); *see also State Farm Fire and Cas. Co. v. Bullin*, 537 F. Supp. 3d 1295, 1300 (S.D. Ala. May 6, 2021) ("[c]ompliance with the notice requirements in an insurance policy is a condition precedent to recovery."). Indeed, "the obligation to pay or to evaluate the validity of the claim does not arise until the insured has complied with the terms of the contract with respect to submitting claims." *United Ins. Co. of America v. Cope*, 630 So. 2d 407, 411 (Ala. 1993).

Here are the relevant portions of the policy that covered Wiley:

INSURED'S DUTIES

1. **Notice to Us of an Accident of Loss**
   The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible. The notice must give *us*:
   a. *your* name;
   b. the names and addresses of all *persons* involved in the accident or loss;
   c. the hour, date, place, and facts of the accident or *loss*; and
   d. the names and addresses of witnesses to the accident or *loss*.
2. **Notice to Us of a Claim or Lawsuit**
   a. If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.
   b. If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received

> . . .
>
> GENERAL TERMS
>
> > **13. Legal Action Against Us**
> > There is no right of action against *us*:
> > a. until all the terms of this policy have been met
>
> . . .

(Doc. 61-8, pp. 23, 27).[1]

### B. Application

When the insured gives delayed notice, courts in Alabama consider the length of the delay and the reason for the delay to determine whether notice was given "as soon as reasonably possible." *See Bullin*, 537 F. Supp. 3d at 1300. But there was no delay here; Wiley never gave notice. In response to an interrogatory, Wiley admitted that "[b]efore this lawsuit, I did not submit a claim to State Farm." (Doc. 61-2, pp. 8–9). Wiley then testified at her deposition that she never contacted State Farm about the incident or Dabb's lawsuit against her; she never presented a claim; she never requested a defense; and, she never sought indemnification. (Doc. 61-1, p. 17).

Wiley makes much of her daughter and Dabbs notifying State Farm in various ways about the incident and Dabb's lawsuit. But that's not what the policy requires, and the court is unaware of any caselaw that supports Wiley's claim that third-party notice is sufficient for an insured to recover under an insurance policy. *See Alfa Ins. Co. v. Templeton*, 919 So. 2d 300, 306 (Ala. Civ. App. 2005) (explaining in Alabama, there is "no case in which an insured who has breached his contractual obligation to forward suit papers to his insurer has been able to take advantage of notice provided to the insurer by the injured party so as to enable the *insured* to

---

[1] Wiley correctly points out that another provision of the insurance policy states that "[i]f the *insured* is unable to give *us* notice, then any other *person* may give *us* the required notice." But that provision only applies to Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage. So it cannot overcome the relevant notice requirement.

recover from the insurer.").[2] And Alabama law does not "place[] on an insurance company an obligation to either investigate or pay a claim until the insured has complied with all the terms of the contract with respect to submitting claims for payment." *Cope*, 630 So. 2d at 412. So even though State Farm knew about the incident, and knew that Dabbs sued Wiley, State Farm was under no duty to defend Wiley because Wiley failed to satisfy necessary conditions precedent to enforcing the contract.[3]

Wiley also claims that State Farm waived its lack of notice defense when it denied Dabbs' request for coverage based on Wiley acting intentionally in running over Dabbs. Wiley points out that "[u]nder Alabama law, when an insurer specifically denies liability on one ground, it waives other grounds or defenses it might later seek to assert." *First Alabama Bank of Montgomery v. First State Ins. Co., Inc.*, 899 F.2d 1045, 1063 (11th Cir. 1990). That may be the case when the insurer denies liability to the insured, but not when the insurer denies liability to a third party, as is the case here. So this argument fails, too.

Because Wiley failed to satisfy a condition precedent to invoke coverage from State Farm, State Farm had no duty to defend Wiley. And because State Farm had no duty to defend Wiley, it also had no duty to indemnify her. *See USF Ins. Co. v. Metcalf Realty Co., Inc.*, 2013 WL 4679833, at \*4 (N.D. Ala. Aug. 30, 2013) ("no duty to indemnify exists where there is no duty to defend."). So the court will grant State Farm's motion on Count I, breach of contract.

---

[2] In *Alfa Ins. Co. v. Templeton*, the Alabama Court of Civil Appeals held that an insurance company can be held liable to a victim when the victim provides the insurance company with timely notice of filing a complaint against the insured, even when the insured does not provide notice to the insurer. 919 So. 2d 300. Here, it is the insured—not the victim—who is seeking to hold the insurer liable. Thus, *Templeton* is distinguishable.

[3] The same is true for Wiley's argument that the Dabbs complaint triggered a duty for State farm to defend Wiley under *Tanner v. State Farm*, 874 So. 2d 1058 (Ala. 2003) ("If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence."). While the complaint may have alleged a covered accident or occurrence, Wiley failed to forward the complaint to State Farm. So State Farm did not owe Wiley a duty to defend based on the complaint because Wiley did not forward it to State Farm.

**Count II: Bad Faith**

In her second count, Wiley alleges that State Farm acted in bad faith by intentionally refusing to provide her with a defense or indemnification without having a debatable reason for doing so, and without conducting a proper investigation into the incident. Doc. 1 ¶¶ 23–27. State Farm argues that summary judgment is proper on this count because Wiley cannot prove State Farm breached its insurance contract, and even if it did, State Farm had at least a debatable reason for denying the claim. State Farm is right on both points.

1. No breach of contract: To succeed on a bad faith claim, Wiley must prove "(a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim." *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982). But the court found in its analysis of Count I that State Farm did not breach its contract with Wiley because Wiley failed to satisfy a condition precedent to invoking the contract. So Wiley's bad faith claim necessarily fails.

2. Debatable reason: Even if Wiley could prove that State Farm breached its contract, she has not carried her burden of proving that State Farm lacked a debatable reason for not defending or indemnifying her. An insured has a high bar to overcome to prove an insurer's bad faith. Indeed, "a finding of bad faith based upon rejection of an insurer's legal argument should be reserved for extreme cases." *Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1154 (Ala. 2001) (citing *Safeco Ins. Co. of America v. Sims*, 435 So. 2d 1219, 1226 (Ala. 1983)). And "[t]o defeat a bad faith claim, the defendant does not have to show that its reason for denial was correct,

only that it was arguable." *Liberty Nat. Life Ins. Co. v. Allen*, 699 So. 2d 138, 143 (Ala. 1997); *see also Voss v. State Farm*, 2022 WL 3449598, at *3 (11th Cir. Aug. 17, 2022) ("even if a jury could find that State Farm's investigation was sloppy, it couldn't find that State Farm had no 'legitimate reason' for its decision requiring Voss to litigate. The accident report, State Farm's photographs of the scene, and State Farm's investigator's conclusions all reasonably led it to believe that Voss might have been contributorily negligent—and therefore not 'entitled to recover.'").

State Farms says that it had no duty to defend Wiley because she *intentionally* ran Dabbs over with a car. To support its position, State Farm considered (a) Wiley's assault conviction for running over Dabbs, (b) the advice of outside coverage counsel who recommended State Farm had no duty to defend Wiley,[4] and (c) State Farm's own investigation of the incident. Taken together, State Farm has established that it had at least a debatable reason to deny coverage, and no reasonable juror could find otherwise.

—

Wiley's bad faith claim fails as a matter of law for either of these reasons. So the court will grant State Farm's motion for summary judgment on count II.

---

[4] Wiley, in her motion to unredact documents produced by State Farm, has moved for the court to prohibit State Farm from relying on the advice of counsel defense (doc. 83). The court has denied that motion as moot because the court does not rely on the advice of counsel defense in deciding the bad faith claim. Instead, the court considers State Farm's decision to retain outside counsel, who agreed with State Farm's decision to deny coverage, as a factor in determining State Farm had at least a debatable reason for denying coverage.

## CONCLUSION

For these reasons, the court **GRANTS** State Farm's motion for summary judgment (doc. 60).

The court **DENIES AS MOOT** Wiley's motion to strike (doc. 69) and motion to unredact documents produced by State Farm (doc. 83). The court also **DENIES AS MOOT** State Farm's motion to strike (doc. 75) and motion to exclude (doc. 76).

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** on November 21, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE